SHIRLEY COX v. THE STATE.

No. 9143.          Delivered June 3, 1925.

**1.—Manslaughter—Charge of Court—Statutory Defense—Charge on—Error.**

Where the defensive theory of appellant was that the killing occurred shortly after an act of sexual intercourse between deceased and appellants · wife, and before they had separated the general charge of the court did not correctly present the law on this issue, and appellant's special charge was improperly refused. Following Williams v. State, 165 S. W. 583 and 585.

**2.—Same—Special Charge—Erroneously Refused.**

Where the defensive issue was adulterous acts of deceased with appellant's wife, it was error for the trial court to refuse a requested charge by appellant defining the term "before the parties to the act of adultery have separated" Following Price v. State, 18 Tex. Crim. App. 474 and other cases cited.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of manslaughter; penalty, five years in the penitentiary.

The opinion states the case.

*Huffman & Huffman,* for appellant.

BAKER, JUDGE.—The appellant was indicted in the district court of Harrison County, charging him with murdering Henry Lattimore by shooting him with a pistol, and convicted of manslaughter and his punishment assessed at confinement in the penitentiary for a term of five years.

The facts briefly stated, as shown by the record, show that the appellant and the deceased were both negroes and that on the day of the homicide the defendant returning home rather unexpectedly missed his wife and in looking for her went to the "shack" of the deceased and when upon the porch just before he knocked on the door he heard the bed springs and after knocking heard his wife jump off of the bed and run into the other room and upon opening the door found the deceased in his under clothes and his wife in another room. The homicide occurred within a few minutes there-

after. The defendant ·contending that when he called his wife and just as they were preparing to leave the premises of the deceased, he shot the deceased in self-defense. In other words the testimony of the defendant raised the issue of manslaughter, self-defense, threats and the killing upon the grounds of finding the deceased and his wife in the act of adultery. The court charged the jury on the adultery phase of the case as follows:

"and shall further believe that at the time the defendant shot and killed Henry Lattimore, that the said Henry Lattimore was found in the act of adultery with the wife of the defendant and the jury shall further believe that the killing took place before the deceased and the wife of the defendant had separated, if she was his wife, then find the defendant not guilty."

The appellant's counsel objected to said charge because same limited the defendant's right to kill the deceased to the time of finding him in the actual act of adultery and presented a special charge which was by the court refused to the effect that if the defendant believed, the deceased and said Mabel Price had committed the act of adultery just before the homicide, and that defendant shot and killed deceased while said Mable Price and deceased were still in company with each other, or if they have a reasonable doubt as to such, to return a verdict of not guilty. We think the contention of the appellant with reference to the court's general charge on this phase of the case, and his refusal to give the special charge requested or a similar special charge is well taken. Williams v. State, 165 S. W. 583-585.

The appellant also excepted to said general charge and presented to the court a special charge defining the term "before the parties to the act of adultery have separated", which is set out in bill of exception No. 5, and which special charge was refused by the court and not given in his general charge to the jury. We think the court was also in error in this particular. Price v. State, 18 Texas Crim. App. 474: Williams v. State, 165 S. W. 583-585; Coleman v. State, 92 Texas Crim. App. 365.

In the Williams case, supra, Judge Davidson in discussing a similar charge to the one complained of in the instant case stated the following:

. "As this charge is given, the jury may well have concluded, under the facts without appropriate instructions, that they could not give appellant the benefit of this statute, unless the appellant shot and killed at the very time of the act and while the parties were behind the barn. They might further have concluded from this charge that there must be shown by positive evidence the physical fact of intercourse or copulation. This statute does not mean either. It is not necessary to prove by positive facts that the defendant saw the parties in the actual act of intercourse. This may be proved by

circumstantial evidence, as well as by positive evidence. The circumstances may surround the matter in such condition as would lead appellant to believe or know, or any other reasonable man to believe and know, that the parties were in the act of intercourse, or about to engage in it, or had just engaged in it. This would justify under the statute, if the killing occurred before the parties separated. Under this charge the jury may also have been led to believe that before the killing could be justified, that the adultery must occur at the time and immediately while the act was going on. This statute does not convey that idea, nor was it intended to convey that idea. On the contrary it was not inended by this statute to limit the justifiable killing to the immediate act of carnal intercourse; that is, while the parties were in the act. More than that, the court should, in this charge, have instructed the jury what adultery meant under this statute, so that the jury might intelligently pass on appellant's rights under his view of the case, and under the testimony introduced by him to sustain that view.

''Again, we are of opinion the court should have instructed the jury pertinently and clearly what is meant by the statute when it uses the expression ''before the parties to the act of adultery have separated.''

We think the decisions, supra, cover the questions in this case, and shows that the learned trial court was in error in the particulars complained of.

We have carefully examined the other questions raised but it is unnecessary to discuss them at this time, as from the disposition we have made of this case, those questions might not arise upon another trial.

For the errors above discussed we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.